UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TEDDY LUEBBERT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:06CV01140 ERW |
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND, | ) ) ) ) ) |
| and | ) ) |
| CAROL LUEBBERT, | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendants' Motions to Dismiss [docs. #5 and #8]. For the reasons that follow, the Court holds that venue is improper in this District. However, rather than dismiss this action, the Court will transfer this matter to the United States District Court for the Southern District of Illinois.

### I.    FACTUAL BACKGROUND

Plaintiff, Teddy Luebbert, brings this lawsuit pursuant to the Employment Retirement Income Security Act ("ERISA") against numerous Defendants, including the Employers and Operating Engineers Local 520 Pension Fund ("Pension Fund") and his former spouse, Carol Luebbert. Plaintiff alleges that the Pension Fund failed to follow the required procedure for processing a qualified domestic relations order ("QDRO") related to his pension and that the Pension Fund, in contravention of its own governing documents and ERISA, has honored the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

invalid QDRO by paying his former spouse benefits pursuant to it. The Third Judicial Circuit Court in Madison County, Illinois entered the QDRO between Teddy Luebbert and Carol Luebbert in 1996. Presently before the Court is Defendants' Motion to Dismiss based on improper venue.

Both Teddy and Carol Luebbert have resided in Illinois at all times relevant to this litigation. In addition, Mr. David Glastetter ("Mr. Glastetter"), the Pension Fund's administrative manager, states in his affidavit that the Pension Fund has been located and administered exclusively within Illinois.[1] Mr. Glastetter alleges that the Pension Fund is a collectively bargained multi-employer pension plan under which employers are required to contribute specified amounts for every hour each covered employee works within the geographic jurisdiction of Local 520, which is exclusively within the State of Illinois. Those contributions are used to provide pension benefits to participants in the Pension Fund. Mr. Glastetter states that the Pension Fund does not accept contributions from employers for work their employees perform outside of Local 520's jurisdiction. Mr. Glastetter acknowledges that the Pension Fund has a reciprocity agreement[2] with a number of other pension plans affiliated with the International Union of Operating Engineers, including the St. Louis, Missouri Pension Plan. However, he contends that as to

---

[1] The Court accepts as true the undisputed affidavit of David Glastetter, the Pension Fund's administrative manager. *See Defs.' Mem. in Supp. of Mot. to Dismiss*, Attach. 1.

[2] Pursuant to these agreements, when a member of the Pension Fund performs work outside of its geographic jurisdiction, his employer makes pension contributions as required by the collective bargaining agreement in effect in that area to another pension plan. The Pension Fund member can request that the other pension plan transfer those contributions back to the Pension Fund. This prevents members of the Pension Fund from losing benefits while they, for whatever reason, work outside the geographic area of the Pension Fund. *See Defs.' Mem. in Supp. of Mot. to Dismiss*, Attach. 1, 2-3.

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff, since 1990 no contributions have been transferred from the St. Louis Plan to the Pension Fund, and to the best of his knowledge, none of Plaintiff's benefits are attributable to work he performed in Missouri.

Mr. Glastetter further states that all Trustees meetings relating to the business of the Pension Fund are held in Illinois. He also alleges that all decisions regarding the QDRO, Teddy Luebbert's claim and his appeal were made at the Pension Fund office in Illinois. Mr. Glastetter states that nearly all service providers for the Pension Fund are located within Illinois, including the Pension Fund's actuarial firm, accounting firm, office supply vendors and printers. However, he notes that the Pension Fund uses the services of the law firm and an insurance broker with offices in St. Louis, Missouri.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may bring a motion to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3). The Eight Circuit Court of Appeals has held that the defendant bears the burden of establishing improper venue. *Brigdon v. Slater*, 100 F. Supp. 2d 1162, 1164 (W.D. Mo. 2000) (citing *U.S. v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947)).[3] If a court finds venue to be improper, it may transfer the action to a district court in which venue is proper or it may dismiss the action. 28 U.S.C. §1406(a).[4]

---

[3] At least three district courts within the Eight Circuit have held otherwise, but each failed to cite to *Orshek*. *Davis v. Advantage Int'l, Inc.*, 818 F. Supp. 1285, 1286 (E.D. Mo. 1993); *Pfeiffer v. International Academy of Biomagnetic Med.*, 521 F. Supp. 1331, 1336 (W.D. Mo 1981); *Bruner v. Republic Acceptance Corp.*, 191 F. Supp. 200, 203 (E.D. Ark. 1961). While there are valid arguments for requiring a plaintiff to establish venue, the Court is bound by *Orshek*.

[4] 28 U.S.C. §1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or if it be in the interest of justice,

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## III. DISCUSSION

A. <u>Proper Venue in ERISA Actions</u>

Defendants contend that this lawsuit should have been brought in the Southern District of Illinois. They argue that this Court should dismiss the action because venue in the Eastern District of Missouri is improper under ERISA's statutory venue provision. Plaintiff contends that venue in this Court is proper under ERISA's statutory venue provision because the Pension Fund uses the services of a St. Louis law firm.

ERISA's statutory venue provision provides that an action may be brought in the district where (1) the plan is administered, (2) the breach took place, (3) a defendant resides, *or* (4) where a defendant may be found. 29 U.S.C. §1132(e)(2).[5] Congress has clearly expressed that the policy underlying ERISA is to provide ready access to the Federal Courts. *Wilson v. Zoellner,* 114 F.3d 713, 715 (8th Cir. 1997) (citing 29 U.S.C. §1001(b)). Therefore, this Court will resolve the issue of venue mindful of Congress' intent "to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement of fiduciary responsibilities under state law for recovery of benefits due to participants." H.R. Rep. No. 93-533, at 17 (1973), *as reprinted in*, 1974 U.S.C.C.A.N. 4639, 4655. Irrespective of Congress' policy of open access to the federal courts, a litigant is not free to bring an ERISA action in any district court. *Toy v. Plumbers & Pipefitters Local Union No. 74 Pension Plan*, No. 05-1814, 2005 U.S. Dist. LEXIS 21568 at *7 (E.D. Pa. Sept. 27, 2005). At a minimum, a plaintiff must satisfy at least one

---

transfer such case to any district or division in which it could have been brought."

[5]29 U.S.C. §1132(e)(2), in relevant part, provides: "[w]here an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found..."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of the four bases for venue expressed in 29 U.S.C. §1132(e)(2). *Id.*

      1. <u>An ERISA Action May Be Brought Where the Plan is Administered</u>.

Venue is proper in a district where the plan is administered. 29 U.S.C. §1132(e)(2). An ERISA plan is administered where the plan is "managed." *Sprizen v. Sup. Ct. of N.J.*, 478 F. Supp. 722, 723 (S.D.N.Y. 1979); *see also Bostic v. Ohio River Co. (Ohio Div.) Basic Pension Plan*, 517 F. Supp. 627, 631-32 (S.D. W.Va. 1981) (finding a plan is managed in Ohio when the sole situs of the plan administration is in Ohio, all of the plan's assets are located within Ohio, and all decisions concerning the plan's administration are made in Ohio).

Here, the Court concludes that the Pension Fund is managed in Swansea, Illinois. In his affidavit, Mr. Glastetter states that all of the Trustees meet in Illinois, the physical records relating to the Pension Fund are located in Illinois, and the day-to-day management of the Pension Fund is conducted in Illinois. Plaintiff's argument that the Pension Fund is partially administered in Missouri because it uses the services of a Missouri law firm is meritless. Plaintiff has not presented evidence to show that the Pension Fund delegated any of its administrative duties to the law firm. To the contrary, a review of the correspondence Plaintiff attached to his memorandum indicates that at all times the Pension Fund attorneys were acting solely in their capacity as attorneys rather than administrators. *See e.g.*, *Pl.'s Mem. in Opp'n to Mot. to Dismiss*, Attach. 4 (referencing a prior correspondence from then-Pension Fund attorney Harold Gruenberg of St. Louis in which Mr. Gruenberg states that he "will *recommend* to the Fund Administrator" that the order is a QDRO) (emphasis added). Accordingly, the Court finds that the Pension Fund is administered in Swansea, Illinois.

      2. <u>An ERISA Action May Be Brought Where the Alleged Breach Occurred</u>

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Venue is also proper where the alleged breach occurred. 29 U.S.C. §1132(e)(2). Although the Eighth Circuit has yet to address this issue, most courts have determined that the alleged breach occurred in the district where the beneficiary receives, or should have received, the benefits. *See Cole v. Cent. States Se. and Sw. Areas Health and Welfare Fund,* 225 F. Supp. 2d 96, 98 (D. Mass. 2002) (finding breach took place where payment was to be received); *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005) (same). These courts view ERISA benefit plans as contracts and rely on the proposition that a cause of action for a breach of contract lies where the contract is to be performed. *Id.* Other courts, however, have looked to the location where the defendant made the decision not to pay the benefits. *See Turner v. CF&I Steel Corp.*, 510 F. Supp. 537, 541 (E.D. Pa. 1981) (finding breach took place either where decisions regarding payment amounts were to be made or where checks originated); *Boyer v. J.A. Majors Co. Employees Profit Sharing Plan*, 481 F. Supp. 454, 459 (N.D. Ga. 1979) (finding breach took place where trustee bank issued stop payment order on check).

Here, the breach occurred in Illinois under both approaches outlined above. First, since Plaintiff Teddy Luebbert resides within the Southern District of Illinois, his benefits from the Pension Fund are received (or should have been received) in the Southern District of Illinois. Next, Mr. Glastetter stated in his affidavit that all decisions regarding the disputed QDRO, as well as Plaintiff's claim and appeal, were made at the Pension Fund office in Illinois. Thus, the pension benefits were to be received in Illinois and the decisions regarding their payment were made in Illinois.

This Court is not persuaded by Plaintiff's argument that the breach occurred in Missouri because the Pension Fund consulted with a Missouri law firm. Plaintiff has not presented any

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

evidence to show that the attorneys made any decisions regarding Plaintiff's benefits. In fact, letters submitted to the Court by Plaintiff in support of his position indicate the Trustees were responsible for the decisions regarding Plaintiff's benefits, not the Pension Fund's attorneys. *See e.g.*, *Pl.'s Mem. in Opp'n to Mot. to Dismiss*, Attach. 9 (letter dated June 23, 2006, from Pension Fund's attorney to Plaintiff stating "[a]fter reviewing all the documents and circumstances, the Trustees determined that the June 11, 1996 Order...constituted a [QDRO], that the QDRO required the payments that have been made to the alternate payee..."). As a result, the Court finds that the alleged breach occurred in Swansea, Illinois.

    3. An ERISA Action May Be Brought Where the Defendants Reside.

Venue is proper where any Defendant resides. 29 U.S.C. §1132(e)(2). Here, it is undisputed that Defendants reside in the Southern District of Illinois.

    4. An ERISA Action May Be Brought Where the Plan May be Found.

The Court has determined that the Pension Fund is not administered in this District, the alleged breach did not occur here, and Defendants do not reside here. Venue, therefore, is proper in the Eastern District of Missouri only if Defendants "may be found" here. 29 U.S.C. §1132(e)(2). Plaintiff argues that the Pension Fund can be found in Missouri because it uses the services of a St. Louis law firm. Defendants contend that the Pension Fund cannot be found in Missouri because using the services of a St. Louis law firm does not rise to the minimum level of contacts necessary to establish personal jurisdiction over it.

In *Varsic v. United States District Court for the Central District of California*, the Ninth Circuit interpreted the "may be found" terminology in ERISA's venue provision. 607 F. 2d 245 (9th Cir. 1979). The *Varsic* court concluded that the term "found" should be given the same

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

broad reading in the ERISA venue provision as courts had applied to the term in the antitrust and copyright venue provisions. *Id.* at 248. Accordingly, the *Varsic* court determined that a defendant "may be found" in any district where the defendant's contacts would be sufficient to support personal jurisdiction over the defendant in that district. *Id.* at 248-49; *see also Schoemann v. Excellus Health Plan, Inc.*, 447 F. Supp. 2d 1000, 1003 (D. Minn. 2006) (finding that for purposes of the ERISA venue provision, a defendant may be found in any federal district with which the defendant has sufficient minimum contacts to permit a court of that state to exercise personal jurisdiction). To determine whether a defendant's contacts would be sufficient to assert personal jurisdiction in a particular district, the *Varsic* court applied the familiar "minimum contacts" test articulated in *International Shoe v. Washington*, 326 U.S. 310 (1945). *Varsic*, 607 F.2d at 248-49. The Court finds this analysis persuasive and will apply it to determine whether Defendants "may be found" within the Eastern District of Missouri.

Minimum contacts exist where the defendant has purposefully availed himself of the privilege of conducting activities within the forum State. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The minimum contacts test is satisfied where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

When the plaintiff's claims "arise out of or are connected with the [defendant's] activities with the [forum] state," *International Shoe*, 326 U.S. at 319, maintenance of the action within the forum state generally does not offend "traditional notions of fair play and substantial justice," *id.* at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)), as in these circumstances the defendant ordinarily "should reasonably anticipate being haled into court there." *World-Wide*

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Volkswagon*, 444 U.S. at 297. Conversely, when the plaintiff's claims do not relate to the defendant's forum-state activities, jurisdiction is likely to be improper since the defendant has "no reason to expect to be haled before [the forum state's] court[s]." *Toro Co. v. Ballas Liquidating Co.*, 572 F.2d 1267, 1271 (8th Cir. 1978) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 216 (1977). Where a court premises jurisdiction over a defendant upon the relationship between the plaintiff's claims and the defendant's forum state activities, it has been said that the court is exercising "specific jurisdiction." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n.8 (1984).

Jurisdiction may be proper irrespective of the fact that the plaintiff's claims neither arise out of nor are related to the defendant's contacts within the forum. *See Perkins v. Benguet Mining Co.*, 342 U.S. 437 (1952). However, a defendant may only be subject to this type of "general jurisdiction," *Helicopteros*, 466 U.S. at 414 n.9, where the defendant's contacts with the forum state are "continuous and systematic." *Id*. at 418-19 (finding no jurisdiction because corporate defendant's forum contacts were not "of a continuous and systematic" nature).

Here, as noted above, this litigation involves decisions made in Illinois, regarding Illinois residents, for work performed in Illinois. Consequently, specific jurisdiction does not apply because Plaintiff's claims do not arise out of nor are related to the Pension Fund's contacts with Missouri. Therefore, this Court is faced only with the question of whether it may exercise general personal jurisdiction over the Pension Fund. *See Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006) (finding that specific personal jurisdiction can only be found if the controversy is related to or arises out of defendant's contacts with the forum state). Plaintiff argues that general personal jurisdiction over Defendants exists here because Defendants have retained the services of

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

a law firm with an office in the Eastern District of Missouri. However, "[v]irtually no limits would exist on where a particular defendant could be forced to defend a lawsuit if merely hiring service providers was sufficient to confer general personal jurisdiction over a defendant." *Toy*, 2005 U.S. Dist. LEXIS 21568 at *19. Thus, as set forth in the record before the Court, the contacts Plaintiff articulates fall short of the "continuous and systematic general business contacts" required to find general personal jurisdiction. *See Helicopteros*, 466 U.S. at 416.

B.   Transfer Under §1406(a)

Defendants seek to dismiss this action because venue is improper. Plaintiff requests that if the Court finds that venue in this district is improper, then the case should be transferred to a court that has proper venue.

28 U.S.C. §1406(a) provides for the dismissal or transfer of cases for improper venue. Although the Court's decision that venue is improper in this district rests in part upon its ruling that it does not have personal jurisdiction over the Pension Fund, this ruling does not prevent this Court from transferring the matter. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (finding the language of §1406(a) is amply broad enough to authorize transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not).

The Court has concluded that venue is proper in the Southern District of Illinois since the alleged breach occurred in Illinois, the Pension Fund is administered in Illinois, Defendants reside in Illinois, and the Pension Fund "may be found" in Illinois. *See* 29 U.S.C. §1132(e)(2). Furthermore, since all of the Trustees work in Illinois, a federal court in Illinois can likely assert personal jurisdiction over the individual Trustees. As a result, the Court will exercise its

10

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

discretion and in the interest of justice transfer this case to the Southern District of Illinois pursuant to § 1406(a).

**IV. CONCLUSION**

For the reasons set forth above, the Court denies Defendants' motion to dismiss based on improper venue but instead transfers this action to the Southern District of Illinois under 28 U.S.C. § 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss are **DENIED** [docs. #5 and #8].

**IT IS FURTHER ORDERED** on the Court's own motion, that this action is **TRANSFERRED** to the United States District Court for the Southern District of Illinois.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED**, **as moot**.

Dated this 10th day of April, 2007.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com